**BROWNE GEORGE ROSS LLP**
Peter W. Ross (SBN 109741)
  pross@bgrfirm.com
Tyler J. King (SBN 262547)
  tking@bgrfirm.com
2121 Avenue of the Stars, Suite 2800
Los Angeles, California  90067
Telephone:  (310) 274-7100
Facsimile:  (310) 275-5697

**CALL & JENSEN**
Scott P. Shaw (SBN 223592)
  sshaw@calljensen.com
610 Newport Center Drive, Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Facsimile:  (949) 717-3100

Attorneys for
Aliign Activation Wear, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| Aliign Activation Wear, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>lululemon athletica inc., a Delaware corporation; lululemon athletica canada inc., a Canadian corporation; and DOES 1-10,<br><br>Defendants. | Case No. 2:20-cv-03339-SVW-JEM<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT;**<br><br>**(2) FALSE DESIGNATION OF ORIGIN [15 U.S.C. § 1125(a)];**<br><br>**(3) COMMON LAW UNFAIR COMPETITION;**<br><br>**(4) STATUTORY UNFAIR COMPETITION [Cal. Bus. & Prof. Code §§ 17200 et seq.];**<br><br>**(5) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:     None Set |

1615454.1

Case No. 2:20-cv-03339-SVW-JEM

FIRST AMENDED COMPLAINT

# INTRODUCTION

1. This dispute arises from the willful infringement by defendants lululemon athletica inc. and lululemon athletica canada inc. (collectively, "lululemon") of the ALIIGN® trademark belonging to plaintiff Aliign Activation Wear, LLC ("Plaintiff").

2. Plaintiff is an event, lifestyle, and apparel company based in Los Angeles, California. Since 2011, Plaintiff has marketed its services and products, including a line of active wear, under the trademark ALIIGN®. As used by Plaintiff, the ALIIGN® mark has come to signify high-quality, cutting-edge designs, marketed with a socially-responsible and eco-friendly story.

3. Plaintiff's ALIIGN® brand has proven success. Prominent nationwide retailer Urban Outfitters selected ALIIGN® to be one of the featured brands to launch Urban Outfitters' new active wear retail concept "Without Walls". The ALIIGN® brand has also enjoyed powerful branding-related partnerships with companies such as Toyota Motor Corporation's subsidiary Scion.

4. On August 26, 2014, Plaintiff filed a U.S. Trademark Application for the word mark ALIIGN and, on March 7, 2017, obtained U.S. Trademark Registration No. 5156547 (the '547 Registration) for use of that mark in connection with the sale of among other things active wear.

5. On February 8, 2016, lululemon filed a U.S. Trademark Application, Serial No. 86900254 (the '254 Application) for use of the word mark ALIGN in connection with the sale of among other things active wear. On June 13, 2017, the USPTO issued an Office Action refusing registration because of the likelihood of confusion with Plaintiff's registered mark ALIIGN. Despite repeated requests by lululemon for the USPTO to reconsider its decision, the USPTO maintained its refusal.

6. Heedless of that refusal, lululemon filed two additional U.S. Trademark Applications – Serial No. 87708968 (the '968 Application) for the word

mark ALIGN PANT and Serial No. 87708976 (the '976 Application) for the word mark ALIGN CROP.  The USPTO rejected both applications, due in part to a likelihood of confusion with Plaintiff's registered mark ALIIGN.  Thereafter, lululemon sought to convince the USPTO to reconsider its refusal.  The USPTO was unpersuaded and maintained its decision not to register the '968 and '976 marks.

7. Despite the USPTO's continuing rejections of lululemon's applications – on the ground that the proposed trademarks were confusingly similar to Plaintiff's registered ALIIGN mark – and despite demand from Plaintiff that lululemon cease and desist, lululemon has continued to utilize in commerce the marks ALIGN, ALIGN PANT, and ALIGN CROP for the sale of among other things active wear.  lululemon is thus willfully infringing on Plaintiff's intellectual property.

**The Parties**

8. Plaintiff Aliign Activation Wear, LLC is a California limited liability company with its principal place of business at 2715 Abbot Kinney, #3, Venice, California 90291.

9. Upon information and belief, defendant lululemon athletica inc. is a Delaware corporation with its principal place of business at 1818 Cornwall Avenue, Vancouver, British Columbia V6J1C7, Canada.

10. Upon information and belief, defendant lululemon athletica canada inc. is a Canadian corporation with its principal place of business at 1818 Cornwall Avenue, Vancouver, British Columbia V6J1C7, Canada.

11. Plaintiff is unaware of the true names and capacities of defendant Does 1 through 10, inclusive, and therefore sues them by such fictitious names.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein.  Plaintiff therefore sues these defendants by such fictitious

names and will amend this complaint to state their true names and capacities when such have been ascertained.

12. Plaintiff is informed and believes and thereon alleges that, in doing the acts alleged herein, each of the Doe defendants was the agent, principal, employee, representative, or alter ego of the other defendants and/or acted with one or more of the other defendant's knowledge, consent, and approval, and acted within the course and scope of his agency or representative capacity. As such, each of the defendants is responsible for the actions of the other defendants, as alleged herein.

13. With regard to the presently-named defendants, Plaintiff is informed and believes and thereon alleges that defendant lululemon athletica canada inc. serves as the agent or apparent agent of defendant lululemon athletica inc., in that the Canadian entity procures and maintains the intellectual property intended to be used by the American entity. By means of this relationship, lululemon athletica canada inc. (1) holds the power to alter the legal relationships between lululemon athletica inc. and third persons and (2) is a fiduciary with respect to matters within the scope of this agency relationship. For its part, lululemon athletica inc. has the right to control the conduct of lululemon athletica canada inc. with respect to the matters entrusted to it.

14. Plaintiff is further informed and believes and thereon alleges that defendant lululemon athletica inc. and defendant lululemon athletica canada inc. are engaged in a single enterprise and therefore are liable for the debts of one another. In this respect, Plaintiff is informed and believes and thereon alleges the following. lululemon athletica canada inc. is a wholly owned subsidiary of lululemon athletica inc. The companies have functionally reciprocal businesses in that, as one makes money, the other makes money as well; specifically, lululemon athletica inc. sells athletic apparel; and lululemon athletica canada inc. procures and maintains the intellectual property for that athletic apparel. These two companies thus jointly benefit from the transactions separately entered into by each of them. If not for the

existence of lululemon athletica canada, inc., lululemon athletica inc. would perform the same functions for itself. Indeed, lululemon athletica canada inc. holds the intellectual property of lululemon athletica inc. for the sole purpose of shielding the intellectual property rights from wrongdoing committed by the parent corporation. The companies have interlocking directors and officers. The companies share offices, facilities, and personnel, and lululemon athletica inc.'s financial resources are used to support the activities of lululemon athletica canada inc. In sum, the affairs of lululemon athletica canada inc. are so conducted as to make it merely an instrumentality, agency, conduit, or adjunct of lululemon athletica inc. in the pursuant of a single business venture. Further, lululemon athletica canada inc. alone does not have the financial resources to answer in damages for all of its misconduct as alleged herein. For these reasons. justice requires the disregard of the separate nature of these corporations to prevent an injustice upon creditors such as Plaintiff.

## **PERSONAL JURISDICTION**

15. Upon information and belief, defendants do business on a regular basis in California and within this judicial district, including but not limited to business conducted by means of several brick-and-mortar lululemon retail stores in Los Angeles county, California.

16. Upon information and belief, defendants do business on a regular basis in California and within this judicial district, including but not limited to business conducted by means of a website, https://shop.lululemon.com, upon which defendants offer and sell products including apparel and accessories. On this website, defendants have been selling the "Align Crop", the "Align Pant II", and the "Align Pant Full Length", all of which have been listed under the heading "The Align Collection". On information and belief, defendants also sell ALIGN-branded goods on the worldwide e-commerce website Amazon.com.

17. This matter arises out of defendants' contacts with the state of California.

18. Upon information and belief, defendants purposefully directed their wrongdoing at Plaintiff in California, knowing that most of the harm would be suffered by Plaintiff in California.

## SUBJECT MATTER JURISDICTION AND VENUE

19. This action arises in part under the laws of the United States—including but not limited to its trademark laws, 15 U.S.C. § 1114 *et seq.* This Court has jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). The Court has jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims, all of which arise out of and have a nexus to the facts giving rise to the federal claims and therefore form a part of the same case or controversy under Article III of the United States Constitution.

20. Furthermore, Plaintiff is a limited liability company organized under the laws of the State of California with its principal place of business in California. On information and belief, defendant lululemon athletica inc. is a Delaware corporation with its principal place of business in Vancouver, Canada, and defendant lululemon athletica canada inc. is a Canadian corporation with its principal place of business in Vancouver, Canada. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five-thousand U.S. dollars. In light of the foregoing, the Court has jurisdiction over this action under 28 U.S.C. § 1332.

21. Venue is proper in this district under 28 U.S.C. §§ 1391(a)–(d), among other bases. Defendants have committed unlawful acts in this judicial district, and defendants have done and are doing business in this judicial district. In the alternative, if defendants are not residents of the United States, defendants may be properly sued in any judicial district, in accordance with 28 U.S.C. § 1391(c)(3).

## FACTS COMMON TO ALL CLAIMS

### *Plaintiff's Business and Trademarks*

22. The ALIIGN® mark (the subject of the '547 Registration) is owned by Plaintiff and is a valid, protectable trademark in connection with the goods and services that Plaintiff offers under that trademark.

23. Plaintiff first used the mark in commerce in February 2011. The mark is fanciful and strong. When using the ALIIGN® mark in commerce, Plaintiff has displayed the mark adjacent to the letter R enclosed within a circle.

24. Plaintiff expended considerable sums of money, as well as the time and effort of employees and agents of Plaintiff, to develop Plaintiff's ALIIGN® brand and Plaintiff's ALIIGN®-branded products. Such development involved designing, manufacturing, and testing attractive, functional, and high-quality products, as well as launching a strategic marketing campaign to promote sales and boost brand-name recognition.

25. As a result of Plaintiff's investment of time and resources, the ALIIGN® brand has made an impact in the fashion industry, and Plaintiff has successfully used the ALIIGN® mark to increase sales of Plaintiff's goods and services.

### *Plaintiff's Successful Registration of the ALIIGN Word Mark*

26. On August 26, 2014, Plaintiff filed U.S. Trademark Application Serial No. 86377157 (the '157 Application) in the USPTO for the word mark ALIIGN, covering goods in International Class ("IC") 28 (namely, "Yoga mats"), IC 25 (namely, "Athletic apparel, namely, shirts, pants, jackets, hats and caps, athletic uniforms") and IC 18 (namely, "Athletic bags").

27. The USPTO initially rejected the '157 Application due to a likelihood of confusion with the mark ALIGN FOOTWEAR, U.S., Trademark Registration 4449252 (the '252 Registration) owned by Christopher Buck. On June 8, 2016, however, the USPTO cancelled the '252 Registration, due to the owner's decision to

voluntarily surrender the registration.

28. Meanwhile, prior to the surrender and cancellation of the '252 Registration, Plaintiff had responded to the USPTO's Office Actions with further information. As a result, on February 2, 2016, the USPTO approved the '157 Application for nationwide publication, so that any interested person could oppose the application. Specifically, the Notice of Publication, issued on February 24, 2016, provides:

> "The mark of the application identified appears to be entitled to registration. The mark will, in accordance with Section 12(a) of the Trademark Act of 1946, as amended, be published in the *Official Gazette* on the date indicated above for the purpose of opposition by any person who believes he will be damaged by the registration of the mark. If no opposition is filed within the time specified by Section 13(a) of the Statute or by rules 2.101 or 2.102 of the Trademark Rules, the Commissioner of Patents and Trademarks may issue a notice of allowance pursuant to section 13(b) of the Statute."

29. No member of the public opposed registration, and on March 7, 2017, the USPTO approved registration of Plaintiff's ALIIGN mark (the '547 Registration.)

### *The USPTO Refuses to Register Defendants' Marks*

30. Within days after the USPTO approved Plaintiff's '157 Application for publication, defendants filed their '254 Application for the word mark ALIGN. Defendants' application remained pending while Plaintiff's '157 Application was published. Defendants did not oppose the '157 Application, and as noted above, on March 7, 2017, Plaintiff's mark was registered.

31. Three months later, on June 13, 2017, the USPTO issued an Office

Action in which it rejected defendants' '254 Application because of a likelihood of confusion with Plaintiff's registered mark ALIIGN. The Office Action stated in part: "Applicant's mark is ALIGN. The mark in the cited registration is ALIIGN. The marks are similar in sound, appearance and meaning, the only difference being applicant's deletion of the second 'I' from the registered mark. Even with this deletion the marks remain phonetic equivalents and thus sound similar."

32. Even though defendants had actual notice of Plaintiff's '547 Registration as of the date of the Office Action noted above (June 13, 2017), and even though defendants knew as of that date that the USPTO believed that defendants' mark ALIGN was likely to cause confusion with Plaintiff's registered mark ALIIGN, defendants nonetheless filed two new applications for "ALIGN" trademarks. Both were filed on December 5, 2017. The first, the '968 Application, was for the word mark ALIGN PANT, and the second, the '976 Application, was for the word mark ALIGN CROP. Each application was refused by the USPTO, due to likelihood of confusion with Plaintiff's registered mark ALIIGN. Defendants appealed. The USPTO refused to change its decision.

33. On December 22, 2017, the USPTO issued a Final Office Action, in which the USPTO confirmed rejection of defendants' original '254 Application for the word mark ALIGN, due once again to a likelihood of confusion with Plaintiff's registered mark ALIIGN. Defendants sought reconsideration. On July 9, 2018, the USPTO denied reconsideration. The denial stated in part: "The following refusal made final in the Office action dated December 22, 2017 is maintained and continues to be final: Refusal under Section 2(d) based on likelihood of confusion with Registration No. 5156547."

/ / /
/ / /
/ / /
/ / /

# FIRST CAUSE OF ACTION

### (Against All Defendants for Federal Trademark Infringement Under 15 U.S.C. §§ 1114 et seq.)

34. Plaintiff incorporates all the allegations in the foregoing paragraphs, inclusive, as though fully set forth herein.

35. The mark ALIIGN® (the "Infringed Mark") is a valid, protectable trademark and the subject of a valid U.S. trademark registration owned by Plaintiff—namely, the '547 Registration.

36. Defendants have used and continue to use in commerce the marks ALIGN, ALIGN PANT, and ALIGN CROP, and other marks similar thereto or derivative thereof (collectively, the "Infringing Marks").

37. Defendants are not now, and never have been, authorized by Plaintiff to use the Infringed Mark or the Infringing Marks in connection with the marketing or sale of defendants' goods.

38. On information and belief, defendants' use of the Infringing Marks has caused or is likely to cause consumer confusion or mistake or deceive the public as to the origin, sponsorship, or approval of Plaintiff's and/or defendants' goods, services, and commercial activities.

39. Plaintiff is informed and believes and thereon alleges that, as a proximate result of defendants' use of the Infringing Marks, defendants have made substantial sales and profits in amounts to be established according to proof.

40. Plaintiff is informed and believes, and thereon alleges that, as a proximate result of defendants' use of the Infringing Marks, Plaintiff has been damaged and deprived of substantial sales, profits, and royalties that Plaintiff otherwise would have earned, in amounts to be established according to proof.

41. Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, defendants will continue to infringe on Plaintiff's ALIIGN trademark, thus engendering a multiplicity of judicial proceedings, and pecuniary

compensation will not afford Plaintiff adequate relief for the damage to its intellectual property rights, reputation, and sales. Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of both Plaintiff's and defendants' goods.

42. Plaintiff is informed and believes, and thereon alleges that, defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive rights and with an intent to cause confusion among consumers and harm to Plaintiff's reputation and goodwill. Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled to recover three times its actual damages or three times defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees.

43. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all infringing products, packaging, and marketing materials in defendants' possession.

## SECOND CAUSE OF ACTION

**(Against All Defendants for False Designation of Origin)**

44. Plaintiff incorporates all the allegations in the foregoing paragraphs, inclusive, as though fully set forth herein.

45. Plaintiff was the first entity to use the ALIIGN® trademark in association with active wear in interstate commerce, and that use predates any such use of the Infringing Marks by defendants. Plaintiff therefore has ownership of and a protectable interest in the Infringed Mark. Further, Plaintiff's ALIIGN trademark is fanciful and distinctive and has become associated in the minds of a significant number of consumers with Plaintiff and its products and services.

46. Defendants have used the Infringing Marks in interstate commerce in connection with the sale of their goods and services.

47. On information and belief, defendants' use of the Infringing Marks

has caused or is likely to cause confusion or mistake or deceive the public as to defendants' affiliation with Plaintiff, or as to the origin, sponsorship, or approval of Plaintiff's and/or defendants' goods, services, and commercial activities.

48. Plaintiff is informed and believes and thereon alleges that, as a proximate result of defendants' use of the Infringing Marks, defendants have made substantial sales and profits in amounts to be established according to proof.

49. Plaintiff is informed and believes, and thereon alleges that, as a proximate result of defendants' use of the Infringing Marks, Plaintiff has been damaged and deprived of substantial sales, profits, and royalties that Plaintiff otherwise would have earned, in amounts to be established according to proof.

50. Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, defendants will continue to falsely designate the origin of their goods, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its intellectual property rights, reputation, and sales. Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of both Plaintiff's and defendants' goods.

51. Plaintiff is informed and believes, and thereon alleges that, defendants' acts were committed, and continue to be committed, with actual notice of Plaintiff's exclusive rights and with an intent to cause confusion among consumers and harm to Plaintiff's reputation and goodwill. Pursuant to 15 U.S.C. § 1117, Plaintiff is, therefore, entitled to recover three times its actual damages or three times defendants' profits, whichever is greater, together with Plaintiff's attorneys' fees.

52. Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to an order requiring destruction of all falsely designated products, packaging, and marketing materials in defendants' possession.

## THIRD CAUSE OF ACTION

### (Against All Defendants for Common Law Unfair Competition)

53. Plaintiff incorporates all the allegations in the foregoing paragraphs, inclusive, as though fully set forth herein.

54. Plaintiff was the first person to use the ALIIGN® trademark in association with active wear in interstate commerce, and that use predates any such use of the Infringing Marks by defendants. Plaintiff therefore has ownership of and a protectable interest in the Infringed Mark. Further, Plaintiff's ALIIGN trademark is fanciful and distinctive and has become associated in the minds of a significant number of consumers with Plaintiff and its products and services.

55. Plaintiff has invested substantial time, skill and money in developing its ALIIGN trademark.

56. Defendants are marketing similar products, under the similar Infringing Marks. In so doing, defendants have appropriated and are using Plaintiff's property at little to no cost. In short, defendants are "passing off" their goods as those of Defendant.

57. Defendants' appropriation was without Plaintiff's authorization or consent.

58. Plaintiff and defendants are business competitors.

59. By reason of the similarity between Plaintiff's products and defendants' products, the public is likely to identify defendants' products as those of Plaintiff, or visa-versa, or conclude that Plaintiff has some connection with the production of defendants' products.

60. Defendants' conduct, as alleged herein, is unfair and unlawful.

61. Plaintiff is informed and believes and thereon alleges that, as a proximate result of defendants' wrongful conduct as described above, defendants have made substantial sales and profits in amounts to be established according to proof.

62. Plaintiff is informed and believes, and thereon alleges that, as a proximate result of defendants' wrongful conduct as described above, Plaintiff has been damaged and deprived of substantial sales, profits, and royalties that Plaintiff otherwise would have earned, in amounts to be established according to proof.

63. Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, defendants will continue to engage in the wrongful conduct described above, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its intellectual property rights, reputation, and sales. Further, Plaintiff is informed and believes, and thereon alleges that, in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of both Plaintiff's and defendants' goods.

64. Plaintiff is informed and believes, and thereon alleges that, defendants committed the foregoing acts with the intention of harming Plaintiff, with oppression, fraud, and/or malice, and in conscious disregard of Plaintiff's rights. Plaintiff is, therefore, entitled to an award of exemplary or punitive damages, according to proof.

## FOURTH CAUSE OF ACTION

**(Against All Defendants for Statutory Unfair Competition – Business & Professions Code § 17200 et seq.)**

65. Plaintiff incorporates all the allegations in the foregoing paragraphs, inclusive, as though fully set forth herein.

66. Defendants' conduct as alleged herein constitutes unlawful, unfair, and fraudulent business practices prohibited by sections 17200 et seq. and 17500 et seq. of the California Business & Professions Code.

67. Defendants' conduct is unlawful for the reasons set forth herein, including but not limited to defendants' violations of federal trademark law, false designation of origin, and common law unfair competition.

68. Defendants' conduct is unfair for the reasons set forth herein. Defendants' actions in blatantly misappropriating a smaller company's intellectual property – and continuing to do so even after being formally told that Infringing Marks were confusingly similar to Plaintiff's Infringed Mark – violate the policy and spirit of the antitrust laws, and significantly threaten or harm competition.

69. Defendants' conduct is fraudulent for the reasons set forth herein. These reasons include but are not limited to the fact that defendants continue to advertise and sell their products in interstate commerce using the Infringing Marks, including on their website at shop.lululemon.com where they have an entire section called the "Align Shop" that does nothing but sell products using the Infringing Marks. By advertising and selling their products using the Infringing Marks, defendants are falsely representing their products to consumers and the general public as having an association with Plaintiff, the rightful owner of the Infringed Mark. Defendants knew these representations were false – indeed they were specifically informed by the USPTO that the Infringing Marks were confusingly similar to Plaintiff's Infringed Mark – but have continued to make these false representations to this day, demonstrating an intent to defraud. Consumers are justifiably relying upon the representations made by defendants, and that reliance has caused significant damage to Plaintiff.

70. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of defendants' wrongful conduct as described above, defendants have gained property and revenues properly belonging to Plaintiff, which therefore seeks restitution of these amounts.

71. Plaintiff is informed and believes, and thereon alleges that, unless restrained by the Court, defendants will continue to engage in the unfair competition described above, thus engendering a multiplicity of judicial proceedings, and pecuniary compensation will not afford Plaintiff adequate relief for the damage to its intellectual property rights, reputation, and sales. Further, Plaintiff is informed and

believes, and thereon alleges that, in the absence of injunctive relief, customers are likely to continue being mistaken or deceived as to the true source, origin, sponsorship, and affiliation of both Plaintiff's and defendants' goods.

## FIFTH CAUSE OF ACTION

### (Against All Defendants for Declaratory Relief)

72. Plaintiff incorporates all the allegations in the foregoing paragraphs, inclusive, as though fully set forth herein.

73. Plaintiff is informed and believes and thereon alleges that an actual controversy has arisen and now exists between the parties regarding their respective rights to use the marks ALIIGN, ALIGN, ALIGN PANT, and ALIGN CROP on active wear in interstate commerce. Plaintiff contends, on the one hand, that it has the exclusive right to use the ALIIGN mark, and defendants' marks – ALIGN, ALIGN PANT, and ALIGN CROP – are confusingly similar and infringe on Plaintiff's rights. On information and belief, defendants contend, either that Plaintiff has no rights in the ALIIGN mark or that defendants' use of their own marks is not infringing.

74. This controversy is definite and concrete, touching upon the legal relations between Plaintiff and defendants, who are business competitors with adverse legal interests. The declaratory relief sought herein would grant specific relief through a decree of conclusive character.

75. Accordingly, Plaintiff seeks the following declarations from this Court:

- That Plaintiff's registration of the ALIIGN mark is valid and enforceable;
- That the word mark ALIGN (the subject of the '254 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration);
- That the word mark ALIGN PANT (subject of the '968

Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration); and

- That the word mark ALIGN CROP (subject of the '976 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against defendants, and each of them, as follows:

1. For injunctive relief:

    a. Enjoining defendants, their agents, employees, representatives, partners, joint venturers and/or anyone acting on behalf of, or in concert with defendants, or any of them, preliminarily and permanently, from directly or indirectly using Plaintiff's ALIIGN mark, or any confusingly similar mark, or any other mark, word, or name similar to Plaintiff's mark that is likely to cause confusion, to cause mistake, or to deceive, including but not limited to the Infringing Marks; and

    b. Compelling defendants to destroy or deliver to Plaintiff for destruction any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession or under the control of defendants bearing the marks ALIIGN or ALIGN or any similar mark, and any and all plates, molds, matrices and other means of making the same.

2. For monetary relief:

    a. Compensatory damages in an amount to be proven at trial, in excess of $20 million, including but not limited to damages and/or a reasonable royalty compensating Plaintiff for (a) all

unauthorized uses of the Infringing Marks by defendants; (b) the injury caused by defendants to Plaintiff's reputation; (c) the injury caused by defendants to Plaintiff's goodwill; (d) the lost profits that Plaintiff would have earned but for defendants' infringement; (e) the expense of preventing customers from being deceived; (f) the cost of future advertising reasonably required to correct any public confusion caused by the infringement; (g) any other damages that defendants have caused to Plaintiff in connection with any of the facts alleged in this Complaint;

    b. An accounting and disgorgement of all gains, profits, property, and advantages directly or indirectly attributable to defendants' wrongful conduct as alleged herein;

    c. Statutory damages (under 15 U.S.C. § 1117(c)-(d)) according to proof;

    d. Restitution;

    e. Treble damages;

    f. Reimbursement of all costs, attorney's fees and expenses incurred in bringing this action; and

    g. Pre-judgment and post-judgment interest at the maximum rate allowable by law.

3. For declaratory relief:

    a. That Plaintiff's registration of the ALIIGN mark is valid and enforceable;

    b. That the word mark ALIGN (the subject of the '254 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration);

|   |   |   |
|---|---|---|
| 1 | | c. That the word mark ALIGN PANT (the subject of the '968 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration); and |
| 2 | | d. That the word mark ALIGN CROP (the subject of the '976 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration). |
| 3 | 4. | For any such other and further relief, including but not limited to equitable relief, as the Court shall deem just and proper. |

c. That the word mark ALIGN PANT (the subject of the '968 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration); and

d. That the word mark ALIGN CROP (the subject of the '976 Application) infringes on Plaintiff's word mark ALIIGN® (the subject of the '547 Registration).

4. For any such other and further relief, including but not limited to equitable relief, as the Court shall deem just and proper.

DATED: July 6, 2020

BROWNE GEORGE ROSS LLP
Peter W. Ross
Tyler J. King

By: _____
Peter W. Ross
Attorneys for Plaintiff Aliign Activation Wear, LLC

## DEMAND FOR JURY

Aliign Activation Wear, LLC hereby demands a trial by jury with respect to all issues so triable.

DATED: July 6, 2020

BROWNE GEORGE ROSS LLP
Peter W. Ross
Tyler J. King

By: /s/ Peter W. Ross
Peter W. Ross
Attorneys for Plaintiff Aliign Activation Wear, LLC