...

Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Susan M. Natland (SBN 198,100)
susan.natland@knobbe.com
Sean M. Murray (SBN 213,655)
Sean.murray@knobbe.com
Brandon G. Smith (SBN 307,676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendants
lululemon athletica canada inc. and
lululemon usa inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ALIIGN ACTIVATION WEAR, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LULULEMON ATHLETICA CANADA INC., a Canadian corporation, LULULEMON USA INC., a Nevada corporation, and DOES 1-10,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 2:20-cv-03339-SVW-JEM<br><br>Hon. Stephen V. Wilson<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE CERTAIN TESTIMONY OF DEFENDANTS' EXPERT WITNESS, JAMES E. MALACKOWSKI**<br><br>Hearing<br>Date:    June 14, 2021<br>Time:   3:00 p.m.<br>Ctrm:    10A |

Defendants lululemon usa inc. and lululemon athletica canada inc. submit this memorandum in opposition to Plaintiff AAW's Motion to Exclude Certain Testimony of Defendants' Expert Witness, James E. Malackowski.

## I. INTRODUCTION

AAW's professed concern that Mr. Malackowski testify on the law is unwarranted. His expert report sets forth his understanding of the law, but at trial Mr. Malackowski will simply testify that the lack of any licensing history for AAW's Aliign trademark means that any reasonable royalty award would be completely speculative. Mr. Malackowski's opinion flows from sound financial analysis and common sense; he should be allowed to present it to the jury.

AAW uses its motion to tell a story about AAW's pre-suit discussions with David Kramer, lululemon's trademark attorney. Those discussions are irrelevant to AAW's motion. But AAW's spin on the parties' pre-suit discussions is not just irrelevant – it is false. Contrary to AAW's unsubstantiated assertion, Mr. Kramer never "expressed an interest in purchasing or licensing [AAW's] Aliign mark." Declaration of David M. Kramer ("Kramer Decl.") ¶ 7. To lululemon's knowledge, neither lululemon nor anyone else has ever been interested in AAW's mark. That universal lack of interest explains why AAW has no licensing history that would allow one to determine a reasonable royalty rate for the Aliign mark.

## II. MALACKOWSKI WILL NOT TESTIFY AS TO HIS UNDERSTANDING OF THE LAW

In the portion of his expert report addressing reasonable royalty damages, Mr. Malackowski stated: "I understand that in the United States District Court for the Central District of California, reasonable royalties are considered to be a form of lost profits and are considered to be speculative without evidence of prior licenses or negotiations for the relevant trademark." Dkt. 136-2 at 30. He then quoted *Lodestar Anstalt v. Bacardi & Co.*, 2019 WL 8105378, at *13 (C.D. Cal.

July 3, 2019). Finally, Mr. Malackowski reviewed evidence that AAW has never licensed its mark and concluded by stating:

> As in the *Lodestar* case quoted above, AAW has failed to "provide any evidence of a prior license or negotiations with a third party to license" the ALIIGN mark. As a result, an award of reasonable royalties would be speculative and inappropriate in this case.

Dkt. 136-2 at 31. By referencing *Lodestar*, Mr. Malackowski was disclosing his understanding that the applicable law is set forth in that case. But Mr. Malackowski will not mention the *Lodestar* case at trial. Mr. Malackowski will simply give his opinion that there is no "evidence of a prior license or negotiations with a third party to license the ALIIGN mark. As a result, an award of reasonable royalties would be speculative and inappropriate in this case." *Id.*

As the Ninth Circuit has explained, "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004) (citing *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)); *see also United States v. Orellana*, 833 F. App'x 98, 101 (9th Cir. 2020); *United States v. Yang*, 2019 WL 5579718, at *3 (N.D. Cal. Oct. 29, 2019); *United States v. Liew*, No. CR 11-00573-1 JSW, 2013 WL 6441259, at *8 (N.D. Cal. Dec. 9, 2013) ("The Government does not dispute that experts may refer to their understanding of the law without usurping the Court's role."); *Arlaine & Gina Rockey, Inc. v. Cordis Corp.*, 2004 WL 5504978, at *24 (S.D. Fla. Jan. 5, 2004) ("Murray may explain his own understandings of the law and apply it to opinions of the scientific experts on the issues of fact, without giving expert opinions as to what the law is."). If Mr. Malackowski's view of the law is at odds with the Court's jury instructions, AAW will undoubtedly highlight the inconsistency during cross-examination. But that is unlikely to occur – AAW does not argue that the *Lodestar* case was wrongly decided.

Consistent with *Hangarter*, it is common practice for experts to state their understanding of the law that governs the factual issue they are addressing. This is particularly true in trademark cases, where the law can be complex. Indeed, AAW's own experts state legal principles in their reports. For example, AAW's marketing expert, Dr. Margaret Campbell, cited McCarthy's treatise on trademark law to support the proposition that "[t]he greater expenditure by the larger company is a factor that leads to reverse confusion for the smaller company." Declaration of Ali S. Razai, Ex. 3 at 7. AAW's damages expert, Robert Wunderlich, likewise described his understanding of the law in his expert report:

> I understand that in trademark infringement cases, such as the current litigation, the trademark owner has the burden of proving the alleged infringer's sales and then the burden shifts to the infringer to prove deductible expenses and/or any portion of profits claimed not to be the result of the alleged infringement.

Dkt. 80 at 493. Thus, Mr. Malackowski did nothing unusual or untoward in disclosing his understanding of the law in his expert report.

Mr. Malackowski should be permitted to give his opinion on AAW's flawed reasonable royalty analysis. The Court should deny AAW's motion to preclude him from testifying on that topic.

### III. <u>AAW'S CHARACTERIZATION OF THE PARTIES' PRE-SUIT DISCUSSIONS IS IRRELEVANT AND INCORRECT</u>

In the fact section of its motion, AAW makes a number of incorrect claims about telephone conversations between its attorneys and David Kramer, lululemon's trademark attorney, that took place before AAW filed suit. Dkt. 136 at 2-3. These discussions are completely irrelevant to AAW's motion to bar Mr. Malackowski from testifying on the reasonable royalty issue. Neither Mr. Malackowski nor Dr. Wunderlich, AAW's damages expert, ever mentions Mr. Kramer or the parties' pre-suit discussions in an expert report. Nor could the parties' experts rely on those discussions in forming their opinions on damages;

1 the discussions are protected communications under Rule 408. *See* Fed. R. Evid.
2 408.

3       AAW's assertions about the parties' pre-suit communications are not only
4 irrelevant – they are also false. AAW first asserts that Mr. Kramer "expressed an
5 interest in purchasing or licensing the ALIIGN mark, and Aliign's counsel agreed
6 to discuss selling or licensing the mark with Aliign." Dkt. 136 at 2-3. This
7 assertion is untrue. Mr. Kramer never told AAW that lululemon was interested
8 in either licensing or purchasing the Aliign mark. Kramer Decl. ¶ 7. He told
9 AAW's counsel that lululemon was interested in entering into a consent or
10 coexistence agreement that would have permitted each party to use its own mark.
11 *Id.*

12       AAW also claims that, in response to a March 21, 2019 letter from AAW,
13 "Lululemon responded by telephone, stating that they would primarily be
14 interested in a full assignment of the mark." Dkt. 136 at 3. That is also false.
15 Kramer Decl., ¶ 8. lululemon never made any such statement. *Id.*

16       Finally, AAW states: "The parties got back on the phone in early February
17 2020, wherein lululemon stated it would be interested in one of three options:
18 (1) purchasing the mark, (2) an exclusive license, and (3) a consent agreement."
19 Dkt. 136 at 3:9-10. This is also incorrect. lululemon never told AAW that
20 lululemon was interested in a license or an assignment. Kramer Decl., ¶ 9. Quite
21 the opposite – Mr. Kramer had already told AAW's counsel that lululemon was
22 ***not*** interested in a license. *Id.* ¶ 8.

23       AAW's erroneous claims about Mr. Kramer's discussions with Mr.
24 Dickerson and Mr. Ross are not supported by any declaration from either AAW
25 attorney. AAW's characterization of the parties' discussions is therefore pure
26 hearsay unsupported by any actual evidence.

27       Even if the rules of evidence allowed AAW to use its pre-suit discussions
28 with Mr. Kramer to establish a reasonable royalty rate, those discussions would

provide no useful data points for calculating a rate. As Mr. Kramer explains in his declaration:

> I never made an offer to license or purchase AAW's mark. Further, I did not propose – or even float for discussion – any potential financial terms, such as a sale price for the mark or a royalty rate for a license. Relatedly, I did not express approval of any financial terms proposed or mentioned by AAW. The parties' discussions ended in early 2020 without any agreement.

Kramer Decl. ¶ 6. Thus, Mr. Kramer's discussions with AAW's counsel have no relevance to the reasonable royalty issue, Mr. Malackowski's expert testimony, or AAW's motion to exclude that testimony.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny AAW's motion to exclude Mr. Malackowski's opinion that an award of reasonable royalties would be speculative and inappropriate in this case.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: May 24, 2021

/s/ Ali S. Razai
Craig S. Summers
Ali S. Razai
Susan M. Natland
Sean M. Murray
Brandon G. Smith

Attorneys for Defendants
lululemon athletica canada inc. and
lululemon usa inc.

34949878

-5-